KETHLEDGE, Circuit Judge,
dissenting.
The Supreme Court’s decisions sometimes contain numerous legal principles, which are sometimes stated at different levels of generality. The Court’s decision in Waller v. Georgia, 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984)—the relevant decision here — is a case in point. Waller concerned a full, rather than partial, closure of the courtroom to the public; but any fair reading of the opinion makes it obvious that even a partial closure requires some balancing of the interests for and against closure. See, e.g., id. at 45, 104 S.Ct. 2210 (“[T]he right to an open trial may give way in certain cases to other rights or interests, such as the defendant’s right to a fair trial or the government’s interest in inhibiting disclosure of sensitive information”). A state court’s failure to apply this general rule in a partial-closure case, therefore, would amount to an unreasonable refusal to extend a legal principle “to a new context where it should apply.” Williams v. Taylor, 529 U.S. 362, 407, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).
But Waller does more than state this general rule of balancing. Instead, the decision goes on to state a cluster of more specific rules — that “the party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced, the closure must be no broader than necessary to protect that interest, the trial court must consider reasonable alternatives to closing the proceeding, and it must make findings adequate to support the closure!;,]” 467 U.S. at 48, 104 S.Ct. 2210— that the Court held were applicable to the full-closure at issue there. What was not obvious at the time of Drummond's trial, however — and thus not clearly established for purposes of the habeas statute — is whether and how these more specific rules apply in eases, like this one, where some spectators but not all are removed from the courtroom. The Supreme Court’s caselaw does not clearly establish, for example, whether in such cases the trial court must identify an “overriding” interest favoring closure, as in Waller, or instead only a “substantial” interest, as some circuit courts have inferred, or perhaps even some lesser interest. Likewise unclear — and thus not clearly established — is whether the closure must be “narrowly tailored,” id. at 45, 104 S.Ct. 2210, as the Court required in Waller, or whether in partial-closure cases a somewhat looser cut will do. And on the procedural side, Waller says the court must make “findings adequate to support the closure.” Id. at 48, 104 S.Ct. 2210. But “adequate” is a vague and therefore elastic term; and for all the Ohio courts knew here, “adequate” might mean one thing in full-closure cases, and a different and less rigorous thing when the closure is only partial.
Thus, in my view, we would have grounds for granting the writ if the trial *535 court had omitted altogether to balance the interests for and against the limited closure at issue. That omission would have indeed violated a general principle whose applicability was clearly established at the time of the closure. But here the trial court made no such omission: the court offered serious reasons for the closure and tailored its scope in rough proportion to them. The Ohio Supreme Court then affirmed the trial court’s decision in an opinion that — agree with it or not — was reasoned and coherent in its application of Waller’s general rule. What Drummond complains about,'rather, is the fine' print: that the closure was broader than strictly necessary, that the court’s findings in support of the closure were not as careful and detailed as they should have been, that the court did not make clear the extent to which it considered other alternatives. Those complaints are by no means frivolous, as the court’s decision today makes clear; and it would have been interesting to see what the Supreme Court might done with them if Drummond had sought direct review from that Court rather than just habeas review from the district court. But I think that “[f]airminded jurists,” Metrish v. Lancaster, — U.S.. -, 133 S.Ct. 1781, 1792, 185 L.Ed.2d 988 (2013), could take a different view of Drummond’s complaints than the majority does today — precisely because the showings necessary to remove some but not all spectators from the courtroom were not clearly established at the time of his trial. Accord Garcia v. Bertsch, 470 F.3d 748, 754 (8th Cir.2006).
In summary, then, the only principle from Waller that was clearly established at the time of the limited closure here was the general one that the trial court must balance the interests favoring closure against those opposing it. The Ohio courts applied that principle; and they did so reasonably, in the capacious sense of “reasonable” as used for purposes of the habe-as statute.
I therefore respectfully dissent from our court’s decision to affirm the district court’s grant of the writ.